REQUESTED BY: Jeffrey P. Goltz, Deputy Richardson County Attorney
QUESTION: Do tribal police officers have the authority to stop, detain, and arrest individuals on tribal lands within the definition of Neb. Rev. Stat. § 81-1401 (Cum. Supp. 1996), for a violation of Nebraska state law where such state jurisdiction has not been retroceded to tribal authority?
ANSWER: Yes.
An inquiry has been made as to whether tribal police officers have the authority to stop, detain, and arrest tribal individuals on tribal lands for violating Nebraska state law, where such state jurisdiction has not been retroceded to tribal authority. The ability of a law enforcement officer to arrest is defined under Neb. Rev. Stat. § 81-1401(4)(a) which states in pertinent part:
 Law enforcement officer means any person who is responsible for the prevention or detection of crime or the enforcement of the penal, traffic, or highway laws of the state or any political subdivision of the state for more than one hundred hours per year and is authorized by law to make arrests . . . .
Neb. Rev. Stat. § 81-1401(4)(a) (Cum. Supp. 1996).
The certification process granting the designation of a law enforcement officer with the subsequent ability to arrest is stated in Neb. Rev. Stat. § 81-1414(2):
 [N]o person shall receive appointment as a law enforcement officer unless he or she has been awarded a certificate by the (Nebraska Commission on Law Enforcement and Criminal Justice) attesting to the satisfactory completion of the minimum curriculum of the training center as established by the (Nebraska Police Standards Advisory Council) or has been awarded a certificate attesting to the satisfactory completion of a training program which the council finds equivalent thereto. Any person who has not been awarded such a certificate may receive an appointment conditioned on the satisfactory completion of such training if he or she immediately applies for admission to the training center and enrolls in the next available basic training class. If such training is not completed within one year after the appointment, the person's employment shall not be renewed by appointment or otherwise and such person shall no longer be recognized as a law enforcement officer as defined in section 81-1401, except that in cases of extreme hardship, upon application of the officer to complete the basic training program as soon as practicable after the one-year time allowance.
Neb. Rev. Stat. § 81-1414(2) (Cum. Supp. 1996).
In addition, Neb. Rev. Stat. § 81-1414(2) defines tribal police officers as law enforcement officers under Nebraska state law if they have the requisite or equivalent training:
 For purposes of this section, the council shall deem the successful completion of the federal Bureau of Indian Affairs basic police training program as administered by the Federal Law Enforcement Training Center to constitute such equivalent training, and officers certified by virtue of such equivalent training may exercise full law enforcement authority exclusively on tribal lands.
Neb. Rev. Stat. § 81-1414(2) (Cum. Supp. 1996).
Under Neb. Rev. Stat. §§ 81-1401(4)(a) and 81-1414(2) a tribal police officer has the ability to stop, detain, and arrest an individual as a law enforcement officer for the purposes of Nebraska state law, if said officer has the requisite Nebraska certification or has been through the equivalent Bureau of Indian Affairs (BIA) police training program. A tribal police officer without Nebraska certification but with the BIA training is unable is exercise such enforcement abilities outside of tribal lands as specified in Neb. Rev. Stat. § 81-1414(2).
In cases where a tribal police officer fails to have either the requisite Nebraska certification or BIA police training, there is federal case law giving credence to the ability of a tribal police officer to stop and detain an individual. The United States Supreme Court in Duro v. Reina, 495 U.S. 676
(1989), specifically states,
 "tribal law enforcement authorities have the power to restrain those who disturb public order on the reservation, and if necessary, to eject them. Where jurisdiction to try and punish an offender rests outside the tribe, tribal officers may exercise their power to detain the offender and transport him to the proper authorities."
Id. at 697. Under Duro, the court notes that, "tribes . . . possess their traditional and undisputed power to exclude persons whom they deem to be undesirable from tribal lands." Id. at 696. According to the court's reasoning, tribal police officers have the ability to stop, detain and arrest members or nonmember individuals, on tribal lands for a disturbance of public order, and a tribal police officer may detain such an individual for the purpose of handing them over to state authorities for arrest under state law.
The United States Supreme court gives further insight of a tribal police officer's ability to stop and detain a subject for later arrest by a state police officer. Strate v. A-1Contractors, 117 S.Ct. 1404 (1997). The court notes, "we do not question the authority of tribal police to patrol roads within a reservation, including rights-of-way made part of a state highway, and to detain and turn over to state officers nonmembers stopped on the highway for conduct violating state law." Id. at 1414 n. 11. The court in Strate expressly states that such authority is included within the tribal police officer to effectuate a stop and detain the subject, until transferring him to state authorities. See Also, State v. Schmuck, 850 P.2d 1332
(Wash. 1993), cert. denied, 510 U.S. 931 (1993) (Washington Supreme Court held that tribal officer had inherent authority to detain non-Indian motorist who allegedly violated state and tribal law while on the reservation until he could be turned over to state authorities for prosecution).
In conclusion, in responding to the question as to whether a tribal police officer has the ability to stop, detain and arrest a suspect for violation of Nebraska state law where state jurisdiction applies, there are two lines of authority vesting such powers in tribal police officers. Under Nebraska State law a tribal police officer if certified by the Nebraska Commission on Law Enforcement and Criminal Justice, or has completed the requisite Bureau of Indian Affairs police training, may stop, detain and arrest a nonmember or member individual, with such arrest authority restricted to tribal lands. The second line of authority is granted by the United States Supreme Court, which under the court's reasoning, allows tribal police officers to stop and detain suspects who have violated state law, for the purposes of releasing them into state law enforcement custody.
Very truly,
 DON STENBERG Attorney General
 Jennifer S. Liliedahl Assistant Attorney General
APPROVED BY:
Don Stenberg
Attorney General